IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN BERTOLETTE, )
)
Plaintiff, )
) Civil Action No. 23-330
vs. )
) District Judge W. Scott Hardy
GEORGE LITTLE, FORMER SECRETARY ) Magistrate Judge Patricia L. Dodge
OF THE PA. DOC; LAUREL HARRY, )
SECRETARY OF THE PA. DOC; TABB )
BICKELL, EXECUTIVE DEPUTY )
SECRETARY FOR INSTITUTIONAL )
OPERATIONS; TREVOR WINGARD, )
WESTERN REGIONAL DEPUTY )
SECRETARY; MICHAEL ZAKEN, )
SUPERINTENDENT AT SCI GREENE; S. )
BUZAS, DEPUTY SUPERINTENDENT )
FOR FACILITIES MANAGEMENT; M. )
DIALESANDRO, DEPUTY )
SUPERINTENDENT FOR CENTRALIZED )
SERVICES; M. MALANOSKI, MAJOR OF )
UNIT MANAGEMENT; M. SWITZER, )
MAJOR OF THE GUARD; C. SWARTZ, )
CORRECTIONS CLASSIFICATION )
PROGRAM MANAGER; J. )
MCCLELLAND, CORRECTIONS )
CLASSIFICATION TREATMENT )
MANAGER; AND D. COULEHAN, L- )
BLOCK UNIT MANAGER; )
)
)
Defendants. )

## MEMORANDUM ORDER

Presently before the Court is the Report and Recommendation ("R&R") entered by Magistrate Judge Patricia L. Dodge in this matter on October 26, 2023. (Docket No. 29). The R&R recommends the following disposition of the Defendants' Motion to Dismiss Amended

Complaint (Docket No. 21): (1) To the extent that John Bertolette ("Plaintiff") claims in Count I that his placement and continuation on Administrative Custody ("AC") status at SCI Greene, his placement on the Restricted Release List ("RRL") at SCI Greene, or any alleged violations of Pennsylvania Department of Corrections ("DOC") policies violated his due process rights, such claims **should be dismissed with prejudice**; (2) The claim in Count I that Plaintiff's continued placement on the RRL violated his due process rights **should be dismissed without prejudice and with leave to amend**; (3) Count II (infliction of cruel and unusual punishment) **should be dismissed without prejudice and with leave to amend**; and (4) Count III (deliberate indifference) **should be dismissed with prejudice** because "deliberate indifference" is an element of a 42 U.S.C. § 1983 claim and not a separate cause of action. (Docket No. 29, pg. 18).  On the same day the R&R was entered, a copy was mailed to *pro se* Plaintiff at SCI Greene, 169 Progress Drive, Waynesburg, Pennsylvania 15370, and the parties were given the opportunity to file objections thereto.  (*Id.*). Thereafter, neither Plaintiff nor Defendants filed any objections to the R&R.

  The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to.  *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1).  Here, however, because neither Plaintiff nor Defendants filed any objections to the R&R, which explicitly stated that failure to file timely objections "will waive the right to appeal" (Docket No. 29, pg. 18), the Court reviews the R&R for plain error.  *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006), *aff'd*, 276 Fed. Appx. 125 (3d Cir. 2008) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).  Plain error review requires the Court to find "an actual error—a deviation from or violation of a legal rule";

that is "plain … [*i.e.*,] the error must be clear and obvious under current law"; and that "affect[ed] substantial rights." *Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 520 (3d Cir. 1997).

In this case, upon careful review of the R&R, Defendants' motion, Plaintiff's response, and the record, the Court has found no plain error and will accept Judge Dodge's recommendation. As such, the Court will adopt the R&R as the Opinion of the Court and will grant Defendants' motion as set forth more fully therein. In so ruling, the Court agrees with Judge Dodge's determination that Plaintiff's initial placement on the RRL at SCI Houtzdale did not implicate any of the Defendants and that his initial placement on AC status and the RRL at SCI Greene upon his transfer there in November 2020 did not trigger any due process rights. (Docket No. 29, pg. 8). The Court also agrees with Judge Dodge's determination that even assuming one or more of the Defendants deviated from DOC policies, such did not violate Plaintiff's constitutional right to due process. (*Id.* at pg. 11). With respect to the allegations in Count I—Plaintiff's continued placement on the RRL without the opportunity to challenge his status—the Court agrees with Judge Dodge's determination that Plaintiff's allegations appear to implicate a liberty interest triggering a need for informal, non-adversarial review and that Plaintiff has at least minimally alleged he was denied it. (*Id.* at pgs. 12-13). The Court is also in agreement with Judge Dodge's recommendation that such claim should nevertheless be dismissed, albeit with leave to amend, due to Plaintiff's failure to allege facts showing one or more of Defendants' involvement. (*Id.* at pg. 14).

Finally, the Court agrees with Judge Dodge's determination that in Count II Bertolette has alleged a combination of conditions (being in administrative custody for years without an end in sight and the alleged conditions of his confinement) that, together, may represent an Eighth Amendment claim (*id.* at pg. 15), but that he has failed to plead specific conduct implicating one or more of the Defendants (*id.* at pgs. 16-17). And the Court agrees with Judge Dodge's

3

determination that the claim of deliberate indifference in Count III is duplicative of the claim in Count II and should be dismissed with prejudice. For these reasons, the Court agrees with Judge Dodge's conclusions and will dismiss the claims set forth in Plaintiff's Amended Complaint consistent with the R&R.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 22nd day of December 2023,

IT IS HEREBY ORDERED that the Report and Recommendation ("R&R") (Docket No. 29) is ADOPTED as the Opinion of the Court.

For the reasons set forth in the R&R, IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Amended Complaint (Docket No. 21) is **granted** as follows:

1. To the extent that Plaintiff claims in Count I that his placement and continuation on AC status at SCI Greene, his placement on the RRL at SCI Greene or any alleged violations of DOC policies violated his due process rights, such claims should be **dismissed with prejudice**.

2. The claim in Count I that Plaintiff's continued placement on the RRL violated his due process rights should be **dismissed without prejudice and with leave to amend**.

3. Count II should be **dismissed without prejudice and with leave to amend**; and

4. Count III should be **dismissed with prejudice** because "deliberate indifference" is an element of a §1983 claim, not a separate cause of action.

IT IS FURTHER ORDERED that if Plaintiff chooses to file a Second Amended Complaint, he shall do so by January 22, 2024.

IT IS FURTHER ORDERED that if Plaintiff does not file a Second Amended Complaint by January 22, 2024, his Amended Complaint will be dismissed with prejudice.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:   All counsel of record

JOHN BERTOLETTE (via U.S. Mail)
KK4787
SCI GREENE
169 PROGRESS DRIVE
WAYNESBURG, PA 15370