IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN BERTOLETTE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-330 ) ) Judge W. Scott Hardy |
| GEORGE LITTLE, *Former Secretary of the Pa. DOC*, et al.; | ) Magistrate Judge Patricia L. Dodge ) ) |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is the Report and Recommendation ("R&R") entered by Magistrate Judge Patricia L. Dodge in this matter on August 6, 2024. (Docket No. 41). The R&R recommends the following disposition of the Defendants' Motion to Dismiss the Second Amended Complaint ("SAC") (Docket No. 36): (1) that the Eighth Amendment claim against Defendants Laurel Harry and George Little be **dismissed with prejudice**; (2) that the Fourteenth Amendment claim against Harry and Little be **dismissed with prejudice**; and (3) that Defendants' motion to dismiss be denied in all other respects. (Docket No. 41 at 14). At the time the R&R was entered, the parties were afforded fourteen days to file objections. (*Id.* at 15). The R&R further indicated that failure to file objections to the R&R would waive the right to appeal. (*Id.* (citing *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011))).

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1). In this matter, because neither Bertolette nor the Defendants filed any objections to the R&R, the Court reviews the R&R for plain error.

*Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006), *aff'd*, 276 Fed. Appx. 125 (3d Cir. 2008) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).  Plain error review requires the Court to find: (1) "an actual error—a deviation from or violation of a legal rule"; (2) that is "plain," *i.e.*, "clear and obvious under current law"; and (3) that the error "affect[s] substantial rights" meaning it "must be prejudicial and must have affected the outcome of … proceedings." *Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 520 (3d Cir. 1997).  Having carefully reviewed the R&R and submissions on the docket pertaining thereto, the Court has found no plain error and will adopt Judge Dodge's recommendation.

*Dismissal of Claims against Defendants Harry and Little*

In the R&R, Judge Dodge explained that Bertolette's claims for Eighth and Fourteenth Amendment violations brought pursuant to 42 U.S.C. § 1983 should be dismissed with respect to Defendants Harry and Little because Bertolette failed to adequately allege their personal involvement in the constitutional violations.  (Docket No. 41, pgs. 8, 14).  The Court agrees.  In the SAC, Bertolette generally alleges that Little, when he was the Secretary of the Pa. DOC, maintained and was the final authority concerning policies permitting extended solitary confinement, and that he received letters from Bertolette stating the amount of time he spent in solitary confinement and how it affected him.  (Docket No. 31, ¶¶ 104, 106, 119).  Bertolette's allegations against Harry since she became Secretary of the Pa. DOC are similar: she is alleged to have maintained and been the final authority concerning policies that required inmates on the Restricted Release List ("RRL") to be in solitary confinement indefinitely, and she is alleged to have received letters from Bertolette about his time in solitary confinement and the harm he suffered as a result.  (*Id.* ¶¶ 112, 115, 120).

As Judge Dodge determined, these allegations do not show the personal involvement necessary for liability under Section 1983. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). To the extent that Bertolette would seek to hold Harry and Little liable as policymakers, the policies at issue have been found to be constitutionally adequate. *Bowen v. Ryan*, 248 F. App'x 302, 304 (3d Cir. 2007); *Batchelor v. Little*, No. CV 22-1340, 2022 WL 16749039, at *11 (E.D. Pa. Nov. 7, 2022) ("[T]he Pennsylvania Department of Corrections satisfied the minimal constitutional standards for due process."). And to the extent that Bertolette would seek to hold Harry and Little liable as actual participants in the violations alleged here, Bertolette's pleadings do not show actual knowledge of the alleged violations of his constitutional rights. *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) ("A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct."). For those reasons, the Court agrees that the claims against Harry and Little should be dismissed, and this time be dismissed *with prejudice* because Bertolette has already had multiple attempts to rectify the deficiency of personal-involvement allegations in his complaint with respect to Harry and Little.

*Remaining Defendants: Bickell, Wingard, Zaken, Buzas, Dialesandro, Malanoski, Switzer, Swartz, McClelland, and Coulehan*

With respect to the remaining Defendants in this action, the Court agrees with Judge Dodge's determination in the R&R that Bertolette has plausibly alleged violations of his Eighth and Fourteenth Amendment rights, and has now cured his prior failure to allege facts showing the remaining Defendants' personal involvement in the deprivation of rights alleged. For his Eighth Amendment claim, Bertolette has alleged that he has been subject to an extended period of severely restrictive conditions of confinement, having spent six years in the Restricted Housing Unit ("RHU") and four years on the RRL. (Docket No. 41, pg. 12). And with respect to the Defendants

other than Harry and Little, Bertolette has now alleged that each of them were directly involved in the continuation of his RRL status. (*Id.* at 10). For example, Bertolette has alleged that Defendant Bickell decided to indefinitely continue Bertolette's RRL status in October 2022 "without hearing from, nor even attempting to hear from Mr. Bertolette in any fashion." (Docket No. 31, ¶¶ 127, 132). Similar factual allegations are included in the SAC with respect to Wingard (*id.* ¶¶ 136–49), Zaken (*id.* ¶¶ 150–61), Buzas (*id.* ¶¶ 162–73), Dialesandro (*id.* ¶¶ 174–85), Malanoski (*id.* ¶¶ 186–97), Switzer (*id.* ¶¶ 198–209), Swartz (*id.* ¶¶ 210–21), McClelland (*id.* ¶¶ 222–38), and Coulehan (*id.* ¶¶ 239–50). The Court discerns no error, let alone plain error, in Judge Dodge's determination that Bertolette has particularized his Eighth Amendment claim sufficiently with respect to these Defendants.

Likewise, the Court agrees with Judge Dodge's determination that Bertolette's factual allegations support a Fourteenth Amendment claim insofar as he has alleged that despite suffering an atypical and significant hardship, the Defendants (other than Harry and Little) were involved in denying him the process he was due. (Docket No. 41, pg. 13 (citing *Shoats v. Horn*, 213 F.3d 140, 146 (3d Cir. 2000) (affirming the district court's ruling in defendants' favor at summary judgment because the inmate-plaintiff "d[id] *not* argue that he was denied the opportunity to respond or be heard, nor [did] he argue that the prison authorities failed to consider favorable information or that they otherwise dealt with his case in a perfunctory fashion" (emphasis added)))). Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 20th day of September 2024,

IT IS HEREBY ORDERED that the Report and Recommendation ("R&R") (Docket No. 41) is ADOPTED as the Opinion of the Court.

For the reasons set forth in the R&R, IT IS FURTHER ORDERED that Defendants' Motion to Dismiss the Second Amended Complaint (Docket No. 36) is **granted in part** and **denied in part** as follows:

1. The Eighth Amendment claim against Laurel Harry and George Little is **dismissed with prejudice**.

2. The Fourteenth Amendment claim against Laurel Harry and George Little is **dismissed with prejudice**.

3. Defendants' Motion to Dismiss (Docket No. 36) is **denied** in all other respects.

　　　　　　　　　　　　　　　　　　　　　　*/s/ W. Scott Hardy*
　　　　　　　　　　　　　　　　　　　　　　W. Scott Hardy
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

cc/ecf:　　All counsel of record

　　　　　　JOHN BERTOLETTE / KK4787 (via U.S. Mail)
　　　　　　SCI GREENE
　　　　　　169 PROGRESS DRIVE
　　　　　　WAYNESBURG, PA 15370